## Maddox v. The State.

No provision of the penal code of this State makes it an offence to utter and publish as true a falsely and fraudulently altered certificate or license issued by the county school commissioner to a teacher.

July 8, 1891. By two Justices.

Criminal law. Forgery. Before Judge Miller. Houston superior court. October term, 1890.

The indictment charged that on February 14, 1890, in Houston county, the defendant uttered and published "as true, to William F. Killen, the county school commissioner of Houston county, an altered certificate called a teacher's license, purporting to have been issued by the county school commissioner of Gwinnett county, such certificate being altered in that it was issued to Maddox by said commissioner, as a teacher in the third grade and for one year in the public schools of the State of Georgia, said certificate having been altered that when so uttered and published by Maddox it read as a certificate for a teacher in the first grade and for a term of three years, . . Maddox knowing at the time that he so uttered and published the certificate as true, . . that the same was falsely and fraudulently altered; such uttering and publishing as true of such false and fraudulent altered certificate on the part of said Maddox being with intent to defraud the county of Houston in said State of Georgia, a legally organized corporate body under the laws of said State." A demurrer to this indictment was overruled, which ruling among others was excepted to.

C. H. Brand by Harrison & Peeples, and J. T. Spence, for plaintiff in error.

W. H. Felton, Jr., solicitor-general, by brief, contra.

Bleckley, Chief Justice.

The first section of the seventh division of the penal ·

code enumerates certain instruments of writing and
deals with falsely and fraudulently making, forging,
altering or counterfeiting the same, causing or procur-
ing it to be done, or willingly aiding or assisting in the
doing thereof, by any person or persons, and proceeds
as follows :

"Or shall utter or publish as true any false, fraudu-
lent, forged, altered or counterfeited audited certificate,
governor's, president's, speaker's, public officer's, court's,
or other duly authorized person's certificate, draft, war-
rant, or order, so as aforesaid issued, or purporting to
have been issued, or any deed, will, testament, bond,
writing obligatory, bill of exchange, promissory note,
or order for money or goods, or other thing or things
of value; or any acquittance or receipt for money or
goods, or other thing or things of value; or any in-
dorsement or assignment of any bond, writing obliga-
tory, bill of exchange, promissory note, or order for
money or goods, or other thing or things of value, with
intent to defraud the said State, public officers, courts,
or persons authorized as aforesaid, or any other person
or persons whatsoever, knowing the same to be so
falsely and fraudulently made, forged, altered, or coun-
terfeited; every such person so offending, and being
thereof lawfully convicted, shall be punished by im-
prisonment and labor in the penitentiary for any time
not less than four years, nor longer than ten years."
Code, §4442.

By the act of October 27th, 1887, relating to com-
mon schools, the county board of education are author-
ized, upon the report and recommendation of the county
school commissioner, to grant to applicants licenses as
teachers.   Acts 1887, p. 76, §29.   In practice it would
seem that the issuing of licenses granted by the board
devolves upon the county school commissioner as their
secretary and executive officer.   No form appears to be

prescribed by statute, the whole subject of prescribing forms being committed by the sixth section of the above cited act to the State school commissioner; but it may be assumed that the form rightly in use is that of a certificate signed by the county commissioner. Penal laws are to be construed strictly, and we think it would be too great a strain to bring an instrument which the statute denominates a license under a penal law relating to certificates, merely because the form in which the license happens to be cast is that of a certificate made by a public officer. Besides, reading the language which we have quoted above from the penal code and construing it by its context, we think the certificates therein referred to are such as relate to money, property or things of value. None of the enumerated instruments are of like genus or species with licenses which are issued, not as evidence of a right to money or property, but as evidence of competency or qualification to engage in the business of instruction. The mere absence of any other provision from the statute-book which will reach the nefarious practice of uttering or publishing as true an altered license, will not authorize an extension by construction of the provision quoted, in order to make it comprehend such a case. Perhaps it is a casual omission in section 4451 of the code, that it does not provide for uttering or publishing as true, as well as for forging or altering, any writing whatever not elsewhere enumerated. If this indictment had been for altering the license, it would doubtless have been good under this section, but we know of no statute which makes it penal to utter or publish as true an altered teacher's license issued by the county school commissioner or by any other person.

The court erred in not sustaining the demurrer to the indictment.                *Judgment reversed.*